## ALEC CARROW *v.* BARRE RAILROAD COMPANY.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, WATSON and STAFFORD, JJ.

Opinion filed March 8, 1902.

*Railroads—Injuries at crossing—Bill of exceptions—Transcript of testimony—Practice—Harmless error—Evidence—Question for jury.*

When a bill of exceptions refers to all the testimony but a part only is furnished, and the other party objects on the ground that some of the omitted portion is essential, an exception to the refusal of the court below to order a verdict will not be considered.

When a bill of exceptions refers to all the testimony and it is voluminous, good practice suggests that counsel agree upon the essential portions and substitute the same for the entire transcript.

This bill of exceptions was allowed before County Court rule 29 went into effect, and refers to a transcript of the reporter's minutes for the purpose of showing the exceptions taken on trial, and provides that it is to control; therefore the exceptions shown by the transcript must be considered, although they do not appear in the bill itself.

In an action against a railroad company for injuries received at a grade crossing, evidence that there was no flagman at the crossing is admissible as a part of the surrounding circumstances, although the defendant was not bound to keep a flagman there.

In an action against a railroad company for injuries received at a crossing over a roadway used in passing between a factory and the street, the admission of evidence that the exact limits of the street at that point could not be ascertained, is not prejudicial to the defendant for he did not except when the jury was told that it made no difference whether the accident occurred in the highway or not.

In an action for injuries resulting in the loss of a leg, evidence of the weight of an artificial leg which the plaintiff had been obliged to wear in consequence of the injury, is admissible on the question of damages.

In an action against a railroad company for injuries received from a train which was being pushed by an engine, it is for the jury to say whether, under the circumstances, the defendant was negligent in so operating its train, although the only witnesses who give opinions upon that question testify that on account of the grade, such is the only practicable way.

CASE for personal injuries. Plea, the general issue. Trial by jury at the September Term, 1900, Washington County, *Start,* J., presiding. Verdict and judgment thereon for the plaintiff. The defendant excepted.

*J. P. Lamson* for the defendant.

It was error to allow the plaintiff to show that there was no flagman at the place where the accident happened. It was a private crossing. The plaintiff knew there was no flagman. The defendant was not obliged to keep a flagman there. 9 J. & S. (N. Y.) 17. It was also an error to admit parol evidence

as to the location of the street.   Not only was it admitted, but argument was based upon it and the verdict was vitiated by it.   *State* vs. *Meader*, 54 Vt. 126.

The court should have complied with the defendant's request to charge the jury, "That under the evidence in the case as a matter of law, the defendant is not liable by reason of pushing its train instead of hauling it."   This is a correct statement of the law.   *Bohan* v. *Railway Co.*, 58 Wis. 30.   The question is one of law.   *Farrell* v. *Railroad Co.*, 60 Conn. 239.

*W. A. Lord, F. P. Carleton* and *F. L. Laird* for the plaintiff.

The testimony of the absence of the flagman was admissible as a part of the general description of the place of the accident and bearing on the degree of care required of the defendant in the operation of its train.   The evidence relative to the location of the street was properly received as a part of this description.

The motion for a verdict should not be considered as no ground was stated.   *German* v. *Railroad Co.*, 71 Vt. 72.   This court should consider no questions which do not appear in the bill of exceptions.   *Blaisdell* v. *School District*, 72 Vt. 63.

STAFFORD, J.   The defendant was pushing a train of four loaded freight cars, bound for the quarries, up through the City of Barre, when it ran upon the plaintiff as he was attempting to drive over the track at a sort of crossing near the old fork factory.   In consequence of his injury the plaintiff lost a leg.   In the court below he had verdict and judgment, and the case is here on exceptions by the company.

The defendant moved for a verdict; the motion was denied, and an exception allowed.   In the bill the whole testimony is referred to, but the defendant has supplied us with a part only; and the plaintiff objects that some of the omitted portion is essential.   So we do not consider this exception.

But we improve the occasion to say that when the testimony is all referred to and is voluminous, good practice would suggest that the excepting party select such portions as he cares for, and submit them to his opponent, who, in his turn, should point out such portions as he cares to have added; whereupon the selection thus agreed to might be substituted for the entire transcript with obvious advantage to the court as well as to the parties. But, when no such agreement is made, the whole testimony must be furnished by the excepting party.

Several exceptions were taken to the admission of evidence. Some of these are not contained in the bill of exceptions, nor even mentioned there, except in a clause at the end, which refers to a transcript of the reporter's minutes "for the purpose of showing the tendency of the evidence, claims, and concessions of the parties, requests to charge, motions, rulings, charge of the court, *and exceptions taken on trial,* and is to control." Under the present rule, exceptions are not to be reserved in this way, for the transcript is to be referred to only when, and in so far as, necessary to test the accuracy of the statement, in the bill, of the meaning and tendency of the testimony, or to take up the whole testimony. County Court Rule 29. But this bill was allowed before the present rule went into effect, and under the practice that has prevailed we must consider the exceptions shown by the transcript, so far as they are presented, pointed out, and relied upon, although they are not to be found in the bill itself; for in *State* v. *Noakes,* 70 Vt. 247, 40 Atl. 249, we refused to consider an exception noted in the bill, but not noted in the transcript, because that bill referred to the transcript, and said it should control, just as this does; and, if it is to be controlling one way, it ought to be the other also.

1.  The plaintiff was allowed to show that the defendant kept no flagman at the crossing in question, "as bearing upon the degree of care required in operating trains over that crossing without a flagman." That is, the fact was shown just like any other circumstance showing the situation and surroundings affecting the degree of care required in running trains there. Had not the jury a right to know whether there was a flagman there or not,—just as it had a right to know whether there was a crossing there, or a ditch, or a fence? The evidence was not admitted upon the ground that the defendant was bound to keep a flagman. In ruling the evidence in, the court guarded that point by saying that he was not prepared to hold that, as the case then stood; and in the charge it is treated merely as a part of the description. We quote: "The law does not impose upon the defendant the duty of maintaining gates or electric signals, nor to have a flagman at the crossing, but in running and operating its train at this point without gates, electric signals, or a flagman, it was bound to exercise the care of a prudent man in like circumstances." No exception was taken to the charge in this respect.

2.  The crossing where the plaintiff was hurt was a roadway by which customers at the factory passed back and forth between the factory and Main street. A little beyond the point where the railroad crosses this roadway it crosses the street itself, and the plaintiff was permitted to show by the city surveyor that the exact limits of Main street along there could not be ascertained. It is evident that the defendant could not have been harmed by this, for the jury were told that it made no difference whether the place where the accident occurred was in the highway or not, and to this no exception was taken. The court thus ruled when the defendant interrupted plaintiff's counsel, and objected to his arguing

that the accident occurred within the limits of the highway. Although counsel was told that he might go on with that argument, if he desired, under exception, and an exception was noted, it does not appear that he did so; and no question upon his argument is before us.

3. When the plaintiff was on the stand his counsel asked him about the artificial leg he was wearing,—how much it weighed. The defendant objected and the court ruled that he might show the weight of the one he had worn down to that time about his work. The witness then said this was the only one he had had, and that it weighed eight pounds.

The defendant now submits that this was error, but gives no reason why; and we suppose it must be on the ground that it is immaterial. It can hardly be called immaterial on the question of damages. If we are to assume that the leg was heavier than it need be, and worn for the very purpose of making himself trouble, and thereby increasing his damages, of course it is inadmissible. But probably we are not justified in assuming that, and if it was true it was open to proof. We cannot take judicial notice of the weight of artificial legs, and cannot assume that this was heavier than need be. The plaintiff had dragged it about several months, and it was apparently one of the consequences of his misfortune. We think it cannot be said that the record shows error in admitting evidence of the fact.

4. The defendant put on the conductor of the train, and showed by him how fast the train was going, and what was done to stop it when the plaintiff was discovered, and how long it took to stop it;—that is, how far it went after the air brakes on the engine were applied. He said twenty feet. In cross-examination he was asked about air brakes on cars, and said he didn't know how quickly the train could have been stopped if these cars had been equipped with them. In an-

swer to one such question he repeated his former answer that the train did stop in twenty feet "easy enough." The defendant now treats this as a statement that a train equipped in the manner supposed could have been stopped in that distance, and argues that the witness was not shown to be an expert. We think the defendant misconstrues the answer, and that there is no substance in this exception.

5. The court was requested to charge "that, under the evidence in the case, as a matter of law, the defendant is not liable by reason of pushing its train instead of hauling it." Instead of complying, the court left it to the jury to say whether, in pushing its train as it was made up and at the speed it was going, it was in the exercise of such care and prudence as a careful and prudent man would exercise in like circumstances. The defendant had several expert witnesses, who testified that in the circumstances, considering the grade and all, the only practicable safe way was to push the train. The defendant says now that there were no witnesses to contradict them. But it was for the jury to weigh their testimony, and we cannot say that they believed them, nor that they were bound to believe them. The defendant urges that the court should take it upon itself to say, as matter of law, that a railroad has a right to back its trains. So it has, if to do so is to exercise the care of a careful man in the circumstances. So has a farmer a right to back his ox cart in the street upon the same condition. We fail to see how it is a question of law in one case more than in the other. The question was not, whether, as a naked, separate proposition, railroads have a right to push or pull their trains as they see fit, but whether in the circumstances, it was prudent to push this one. This very request recognizes the point and is, to charge that the defendant was not negligent in pushing instead of hauling its train "under the evidence in the case." This required a

consideration of the circumstances under which the pushing was done, and made a fair question for the jury.

*Judgment affirmed.*